# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

Case No. 1:14-CV-03046-VEB

JOSEPH SCOTT,

               Plaintiff,

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

               Defendant.

DECISION AND ORDER

# I. INTRODUCTION

In October of 2010, Plaintiff Joseph applied for supplemental security income ("SSI") benefits and Disability Insurance Benefits ("DIB"). The Commissioner of Social Security denied the applications.

Plaintiff, represented by D. James Tree, Esq., commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 4).

On March 2, 2015, the Honorable Rosanna Malouf Peterson, Chief United States District Judge, referred this case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 27).

## II. BACKGROUND

The procedural history may be summarized as follows:

Plaintiff applied for SSI benefits and DIB on October 1, 2010. (T at 39, 66-67).[1]  The applications were denied initially and on reconsideration.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  On September 20, 2012, a hearing was held before ALJ Kimberly Boyce. (T at 36).  Plaintiff appeared with his attorney and testified. (T at 42-57). The ALJ also received testimony from Trevor Duncan, a vocational expert (T at 58-64).

On October 25, 2012, ALJ Boyce issued a written decision denying the applications for benefits and finding that Plaintiff was not disabled within the meaning of the Social Security Act.  (T at 16-35).   The ALJ's decision became the

---

[1] Citations to ("T") refer to the administrative record at Docket No. 13.

Commissioner's final decision on February 12, 2014, when the Appeals Council denied Plaintiff's request for review. (T at 1-5).

On April 16, 2014, Plaintiff, acting by and through his counsel, timely commenced this action by filing a Complaint in the United States District Court for the Eastern District of Washington. (Docket No. 7). The Commissioner interposed an Answer on July 11, 2014. (Docket No. 12).

Plaintiff filed a motion for summary judgment on October 6, 2014. (Docket No. 17).  The Commissioner moved for summary judgment on February 23, 2015. (Docket No. 26).  Plaintiff filed a Reply on March 9, 2015. (Docket No. 29).

For the reasons set forth below, the Commissioner's motion is denied, Plaintiff's motion is granted, and this case is remanded for calculation of benefits.

### III. DISCUSSION

**A.    Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of

DECISION AND ORDER – SCOTT v COLVIN 14-CV-03046-VEB

such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is

not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

DECISION AND ORDER – SCOTT v COLVIN 14-CV-03046-VEB

**B.    Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

DECISION AND ORDER – SCOTT v COLVIN 14-CV-03046-VEB

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## C.    Commissioner's Decision

The ALJ found that Plaintiff had not engaged in substantial gainful activity since June 30, 2005 (the alleged onset date) and met the insured status requirements of the Social Security Act through March 31, 2008. (T at 21). The ALJ determined that Plaintiff had the following severe impairments: mood disorder, panic disorder with agoraphobia, psychotic disorder NOS, antisocial personality traits, and history of methamphetamine and alcohol dependence (in reported remission). (T at 21).

DECISION AND ORDER – SCOTT v COLVIN 14-CV-03046-VEB

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 23).

The ALJ found Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with the following nonexertional limitations: he can perform work that requires no more that occasional independent judgment and occasional interactions with supervisors; he can work in proximity to coworkers, but not in a team or cooperative effort and can perform work that does not require more than occasional interaction with the general public. (T at 24).

The ALJ determined that Plaintiff could perform his past relevant work as a stock clerk. (T at 29). In the alternative, considering Plaintiff's age (19 years old on the alleged onset date), education (limited), work experience, and RFC, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 29).

As such, the ALJ concluded that Plaintiff had not been disabled under the Social Security Act from June 30, 2005 (the alleged onset date) through October 25, 2012 (the date of the ALJ's decision) and was therefore not entitled to benefits. (Tr.

30).  As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (Tr. 1-5).

## D.    Plaintiff's Arguments

Plaintiff contends that the Commissioner's decision should be reversed.  He offers three principal arguments in support of his position.  First, he challenges the ALJ's credibility determination.  Second, he contends that the ALJ did not properly assess the medical evidence.  Third, Plaintiff contends that the ALJ failed to give adequate consideration to lay evidence.  This Court will address each argument in turn.

### 1.    Credibility

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible

DECISION AND ORDER – SCOTT v COLVIN 14-CV-03046-VEB

and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff testified as follows: He is 26 years old, married, with three children. (T at 42-43). He lives with his father-in-law, wife, and 13-month old son. (T at 43). He cares for his son while his wife works on Monday through Thursday from 8:30 – 5:00, and from 8:30 from 12:00 on Fridays. (T at 43). This includes feeding, bathing, and diapering the child. (T at 44). He recently started taking on-line courses. (T at 44). He completed ninth grade before dropping out of school, but eventually earned his GED. (T at 47-48). He is able to manage the demands of child care and on-line courses because he is able to stay at home and can avoid interacting with other people. (T at 52). When he gets stressed at home, Plaintiff is able to collect himself. (T at 52). When he has panic attacks, he is usually not able to leave the house and has difficulty thinking and processing. (T at 54, 57). The panic attacks occur a few times a month. (T at 55).

DECISION AND ORDER – SCOTT v COLVIN 14-CV-03046-VEB

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but that his testimony concerning the intensity, persistence, and limiting effects of those symptoms were not credible to the extent alleged. (T at 25).

For the following reasons, this Court finds that the ALJ's credibility analysis is not supported by substantial evidence. The ALJ placed heavy emphasis on the fact that Plaintiff cared for his 13-month old child each weekday and took on-line college courses at night. (T at 23, 25, 27). However, Plaintiff had just started the on-line courses a few days before the hearing. (T at 45). In addition, he testified that he was already feeling "really stressed out from school and wanting to drop out." (T at 46). It also appeared that Plaintiff had only been performing the child care responsibilities for "a couple of weeks," when his wife started working. (T at 56).

The Ninth Circuit "has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities ... does not in any way detract from [his or] her credibility as to [his or] her overall disability." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (quoting *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)). "The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be

DECISION AND ORDER – SCOTT v COLVIN 14-CV-03046-VEB

impossible to periodically rest or take medication." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

Recognizing that "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations," the Ninth Circuit has held that "[o]nly if [her] level of activity were inconsistent with [a claimant's] claimed limitations would these activities have any bearing on [her] credibility." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)(citations omitted); *see also Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012)("The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . ., and is not held to a minimum standard of performance, as she would be by an employer. The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases.")(cited with approval in *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014)).

Here, the ALJ erred by placing so much emphasis on Plaintiff's ability to perform child-care duties and take on-line course, particularly where the testimony established that he performed such activities for a very brief time and with difficulty. At a minimum, the ALJ should have acknowledged the durational limitations and

DECISION AND ORDER – SCOTT v COLVIN 14-CV-03046-VEB

explained why a brief period of performing those activities, with some difficulty, was nevertheless worthy of so much weight in finding Plaintiff to be not credible.

The ALJ also discounted Plaintiff's credibility because he "actively denied [mental health] symptoms when presenting for care." (T at 26). On one occasion in July 2012, Plaintiff reported a history of anxiety and depression, but described his mental health status as "stable." (T at 581). The ALJ apparently believed that the adjective "stable" was equivalent to "non-existent." In fact, "stable" more likely meant unchanged, rather than non-existent. The record contains numerous treatment notes documenting Plaintiff's complaints of mental health symptoms to medical providers. (T at 303, 306-08, 320, 329-32, 368-71, 376-79, 383-88). The ALJ offered no justification to support her conclusion that a single reference to Plaintiff's condition being "stable" amounted to a confession that he had no mental health symptoms. Moreover, the ALJ does not appear to have accounted for the fact that Plaintiff's symptoms might be stable while he was not working and, thus, avoiding the stress demands of competitive, remunerative work. Plaintiff's testimony indicated that he was experiencing an increase in symptoms as he attempted to increase his activities by, for example, taking on-line college courses. (T at 46).

The ALJ also noted that Plaintiff had not had mental health treatment since November of 2007. (T at 25-26). Although the ALJ recognized that Plaintiff had

DECISION AND ORDER – SCOTT v COLVIN 14-CV-03046-VEB

difficulty accessing case due to lack of insurance, she noted the lack of evidence that Plaintiff sought care through emergency room visits or a low-cost clinic and then discounted Plaintiff's credibility based on the lack of treatment. (T at 26). However, it is quite possible that Plaintiff's mental health symptoms, while significant and disabling, were relatively stable and did not require acute care in an emergency room. With regard to Plaintiff's failure to seek care from a "low-cost clinic," the ALJ did not cite any evidence concerning the availability of such a clinic to Plaintiff, his awareness of it, and/or his ability to access it. In addition, as a general matter, "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir.1996)(quoting *Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir.1989)).

For the reasons stated above, this Court finds that the ALJ's credibility analysis was not supported by substantial evidence and a remand is therefore required, as more particularly set forth below.

### 2.    Medical Evidence

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*,

379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

Dr. Jennifer Schultz, a clinical psychologist, performed a consultative examination in April of 2011. She diagnosed schizoaffective disorder (bipolar type) and panic disorder with agoraphobia. (T at 386). Dr. Schultz assigned a Global Assessment of Functioning ("GAF") score[2] of 39 (T at 386), a relatively low score, which indicates some impairment in reality testing or communication (e.g., speech is at times illogical, obscure, or irrelevant) or major impairment in several areas such as work or school, family relations, judgment, thinking or mood. *Tagin v. Astrue*, No. 11-cv-05120, 2011 U.S. Dist. LEXIS 136237 at *8 n.1 (W.D.Wa. Nov. 28, 2011)(citations omitted). Dr. Schultz opined that Plaintiff's ability to understand and reason was at an "adequate level," his memory was "good," his social

---

[2] "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).

DECISION AND ORDER – SCOTT v COLVIN 14-CV-03046-VEB

interactions were limited to "family and on line interactions," and his ability to tolerate or adapt to stress was "poor." (T at 387).

The ALJ discounted Dr. Schultz's opinion, finding that the limitations she assessed were inconsistent with Plaintiff's daily activities, "which include childcare and online classes in psychology." (T at 28). Again, however, the ALJ appears to have ignored the fact that these activities were relatively recent in nature and confined to a relatively safe space at home. Moreover, Plaintiff's relatively recent and somewhat limited success in providing childcare and taking an on-line course is not necessarily inconsistent with Dr. Schultz's conclusion that Plaintiff's social interactions were limited to family and on-line contact.

In March of 2010, Dick Moen, MSW, a social worker/therapist, working under the supervision of a Dr. Rodenberger, performed a psychological evaluation. He diagnosed unspecified psychosis, panic disorder with agoraphobia, and unspecified episodic mood disorder. (T at 489). He assigned a GAF score of 50 (T at 489), which is indicative of serious impairment in social, occupational or school functioning. *Onorato v. Astrue,* No. CV-11-0197, 2012 U.S. Dist. LEXIS 174777, at *11 n.3 (E.D.Wa. Dec. 7, 2012). Mr. Moen opined that Plaintiff had a marked limitation with regard to understanding, remembering, and following simple (one

DECISION AND ORDER – SCOTT v COLVIN 14-CV-03046-VEB

and two step) directions and a moderate limitation with regard to maintaining appropriate behavior in a work setting. (T at 490).

Mr. Moen conducted another psychological evaluation in September of 2010. He again diagnosed unspecified psychosis, panic disorder with agoraphobia, and unspecified episodic mood disorder and assigned a GAF score of 50. (T at 500). Mr. Moen assessed marked limitations with regard to Plaintiff's cognitive and social abilities. (T at 501).

The ALJ discounted Mr. Moen's assessments, citing their inconsistency with Plaintiff's "full-time childcare and online classes." (T at 28). As above, the ALJ did not account for the fact that these activities were relatively recent. The ALJ also did not account for the consistency between the opinions of Dr. Schultz and Mr. Moen. Each assessment was considered and discounted separately as inconsistent with the evidence, without any apparent consideration of the fact that the opinions were consistent with each other.

The ALJ afforded significant weight to the opinions of the non-examining State Agency review consultants (Dr. Kester and Dr. Beaty), who opined that Plaintiff had no limitations in understanding, memory, concentration, persistence, or pace. (T at 85, 98). However, the opinion of a non-examining, State Agency physician does not, without more, justify the rejection of an examining physician's

DECISION AND ORDER – SCOTT v COLVIN 14-CV-03046-VEB

opinion. *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995)(citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990)). The rejection of an examining physician opinion based on the testimony of a non-examining medical consultant may be proper, but only where there are sufficient reasons to reject the examining physician opinion independent of the non-examining physician's opinion. *See e.g., Lester*, 81 F.3d at 831; *Roberts v. Shalala*, 66 F.3d 179 (9th Cir. 1995).  Here, the ALJ's reasons for rejecting the examining providers' opinions were lacking for the reasons outlined above.

### 3.    Lay Evidence

"Testimony by a lay witness provides an important source of information about a claimant's impairments, and an ALJ can reject it only by giving specific reasons germane to each witness." *Regennitter v. Comm'r*, 166 F.3d 1294, 1298 (9th Cir. 1999).

Here, Tyann Eldred, Plaintiff's wife, submitted a function report in February of 2011.  She reported that Plaintiff could not "work around people" without "freaking out," he has difficulty listening, completing tasks, and remembering what to do. (T at 234).  He can be difficult to understand and has trouble communicating with others. (T at 234).  Ms. Eldred reported that Plaintiff avoids going outside to

avoid people. (T at 237).  She explained that he has trouble speaking, is forgetful, and is easily upset/annoyed. (T at 239).

The ALJ discounted Ms. Eldred's report, finding it "somewhat inconsistent with [Plaintiff's] testimony of his daily activities, which include childcare and online classes." (T at 28).  Again, the ALJ did not account for the relatively recent nature of these activities or for the consistency between Ms. Eldred's report and the assessments of Mr. Moen and Dr. Schultz.

## C.    Remand

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

In contrast, an award of benefits may be directed where the record has been fully developed and where further administrative proceedings would serve no useful purpose. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).  Courts have remanded for an award of benefits where (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that

must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id*. (citing *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir.1989); *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989); *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1401 (9th Cir.1988)).

Here, this Court finds that a remand for calculation of benefits is the appropriate remedy. Plaintiff's credibility was improperly discounted. An examining psychologist and social worker both assessed disabling limitations, consistent with the lay testimony of Plaintiff's wife. There are no outstanding issues that must be resolved before a determination of disability can be made.

DECISION AND ORDER – SCOTT v COLVIN 14-CV-03046-VEB

# IV. ORDERS

IT IS THEREFORE ORDERED that:

Plaintiff's motion for summary judgment, Docket No. 17, is GRANTED.

The Commissioner's motion for summary judgment, Docket No. 26, is DENIED.

This case is remanded for calculation of benefits,

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of Plaintiff, and close this case.

DATED this 26th day of May, 2015.

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – SCOTT v COLVIN 14-CV-03046-VEB