# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

JOSEPH SCOTT,

               Plaintiff,

vs.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

               Defendant.

Case No. 14-CV-03046-VEB

DECISION AND ORDER

## I. INTRODUCTION

In October of 2010, Plaintiff Joseph applied for supplemental security income ("SSI") benefits and Disability Insurance Benefits ("DIB"). The Commissioner of Social Security denied the applications.

Plaintiff, represented by D. James Tree, Esq., commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§

1

DECISION AND ORDER – SCOTT v COLVIN 14-CV-03046-VEB

405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 4).

On March 2, 2015, the Honorable Rosanna Malouf Peterson, Chief United States District Judge, referred this case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 27).

On May 26, 2015, this Court entered a Decision and Order granting Plaintiff summary judgment and remanding this case for calculation of benefits. (Docket No. 32).  Judgment was thereafter entered in Plaintiff's favor. (Docket No. 33).

On June 23, 2015, the Commissioner moved to alter or amend the Judgment pursuant to Rule 59 (e) of the Federal Rules of Civil Procedure. (Docket No. 34). Plaintiff opposed the motion on July 1, 2015. (Docket No. 35).

Familiarity with this Court's prior Decision and Order is presumed.  For the following reasons, the Commissioner's motion is denied.

## II. DISCUSSION

**A.     Rule 59 (e) Standard**

A court may alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that

was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).  However, a motion for reconsideration is not appropriately brought to present arguments already considered by the court. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir.1985).

In this case, the Commissioner does not argue that there is newly discovered evidence or that controlling law has changed.  Rather, the Commissioner contends that this Court committed clear error.  In particular, the Commissioner argues that this Court did not apply the correct legal standard when reviewing the ALJ's assessment of Plaintiff's credibility.  In addition, the Commissioner contends that this Court erred in remanding for calculation of benefits.

**B.    Analysis**

   **1.        Credibility**

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible

and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

In this case, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but that his testimony concerning the intensity, persistence, and limiting effects of those symptoms were not credible to the extent alleged. (T at 25).

The ALJ placed heavy emphasis on the fact that Plaintiff cared for his 13-month old child each weekday and took on-line college courses at night. (T at 23, 25, 27). However, Plaintiff had just started the on-line courses a few days before the hearing. (T at 45). In addition, he testified that he was already feeling "really stressed out from school and wanting to drop out." (T at 46). It also appeared that Plaintiff had only been performing the child care responsibilities for "a couple of weeks," when his wife started working. (T at 56).

In the original Decision and Order, this Court concluded that the ALJ erred by placing so much emphasis on Plaintiff's ability to perform child-care duties and take on-line course, particularly where the testimony established that he performed such activities for a very brief time and with difficulty. The Commissioner argues that this Court substituted its judgment for the ALJ's and did not account for the fact that the inconsistency between these activities and Plaintiff's testimony was a proper

basis for discounting Plaintiff's credibility.  The Commissioner contends that the ALJ was within her discretion to decide that these tentative activities were sufficient to undermine Plaintiff's credibility.  However, the ALJ did not acknowledge the durational limitations or explain why a very brief period of performing those activities, with difficulty, was nevertheless worthy of so much weight in finding Plaintiff to be not credible.  If the ALJ had offered a reasoned explanation for her decision to place so much weight on the very brief period of limited activities, that explanation, if rooted in the evidence, would have satisfied the applicable standard.  Instead, the ALJ repeatedly cited the performance of these activities as if, *ipso facto*, they discredited Plaintiff's allegations.  Under the circumstances and particularly given the evidence concerning Plaintiff's difficulties with managing stress (discussed further below), this conclusory analysis was legally insufficient.[1]

The ALJ's error was compounded by her decision to use the same evidence to discount the opinion of an examining psychologist and a social worker.  The consistency between the examining source evidence and Plaintiff's testimony

---

[1] Stress is "highly individualized" and a person with a mental health impairment "may have difficulty meeting the requirements of even so-called 'low-stress' jobs." SSR 85-15.  As such, the issue of stress must be carefully considered and "[a]ny impairment-related limitations created by an individual's response to demands of work . . . must be reflected in the RFC assessment." *Id.*; *see also Perkins v. Astrue*, No. CV 12-0634, 2012 U.S. Dist. LEXIS 144871, at *5 (C.D.Ca. Oct. 5, 2012).

provided a further reason for crediting Plaintiff's allegations and for considering the child-care and on-line course evidence in an appropriate context.

Dr. Jennifer Schultz, a clinical psychologist, performed a consultative examination in April of 2011. Dr. Schultz opined that Plaintiff's ability to understand and reason was at an "adequate level," his memory was "good," but his social interactions were limited to "family and on line interactions," and his ability to tolerate or adapt to stress was "poor." (T at 387). In March and September of 2010, Dick Moen, MSW, a social worker/therapist, working under the supervision of a Dr. Rodenberger, performed psychological evaluations. Mr. Moen opined that Plaintiff had a marked limitation with regard to understanding, remembering, and following simple (one and two step) directions and a moderate limitation with regard to maintaining appropriate behavior in a work setting. (T at 490, 501)

The ALJ discounted the assessments of Dr. Schultz and Mr. Moen, finding that the limitations were inconsistent with Plaintiff's daily activities, "which include childcare and online classes in psychology." (T at 28). Again, however, the ALJ did not address the fact that these activities were relatively recent, confined to a comfortable, safe space at home, and performed with some difficulty. Moreover, the ALJ considered and discussed each assessment separately, without any apparent consideration of the fact that the opinions were consistent with each other.

The Commissioner notes that there were some clinical findings consistent with the ALJ's determination. However, the question is not whether the ALJ's decision was supported by *some* evidence, but whether it was supported by substantial evidence. Here, the ALJ placed great emphasis on evidence of very recent and limited activities, relying heavily on that evidence to discount Plaintiff's credibility and the opinions of two examining sources. The ALJ's consideration of that evidence was conclusory and insufficient to sustain her decision.

With regard to the decision to remand for calculation of benefits, this Court's conclusion was based upon the improper discounting of Plaintiff's credibility, the opinion of Dr. Schultz (a psychiatric consultative examiner), two evaluations by Mr. Moen (who was working under the supervision of a psychiatrist), and lay evidence from Plaintiff's wife.

Under these circumstances "[a]llowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. Cal. 2004). Moreover, "[r]emanding a disability claim for further proceedings can delay much needed income for claimants who are unable to work and are entitled to benefits, often subjecting them to 'tremendous financial difficulties while awaiting

the outcome of their appeals and proceedings on remand.'" *Id.* (quoting *Varney v. Sec'y of Health & Human Srvc.*, 859 F.2d 1396, 1398 (9th Cir. 1987)).

This Court finds no clear error in its Decision and Order.

## III. ORDERS

IT IS THEREFORE ORDERED that:

The Commissioner's motion to alter and amend Judgment, Docket No. 34, is DENIED.

The District Court Executive is directed to file this Order, provide copies to counsel, and CLOSE this case.

DATED this 20th day of July, 2015,

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE